IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| ALBERT EDMOND, #30523 | PETITIONER |
| versus | CIVIL ACTION NO. 2:12cv108-KS-MTP |
| RONALD KING and | |
| JOYCE ROSS | RESPONDENTS |

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is the *pro se* petition of Albert Edmond for a writ of *habeas corpus* under 28 U.S.C. § 2254 [1]. Having considered the Respondents' Motion to Dismiss for failure to state a claim upon which relief can be granted [5], other submissions of the parties, the applicable law, and the record, the Court holds that the Respondents' motion is **granted**, and the Petitioner's request for relief pursuant to 28 U.S.C. § 2254 is **dismissed with prejudice**.

PROCEDURAL HISTORY

The Petitioner was convicted of rape in 1974 in the Circuit Court of Hinds County, Mississippi and was sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections (MDOC). *See Edmond v. State*, 312 So. 2d 702 (Miss. 1975) (Cause No. 48509). The Petitioner was released on parole in 1982, but his parole was revoked a little over a month later. *See Edmond v. Miller*, 942 So. 2d 203, 204 (Miss. Ct. App. 2006), *reh'g denied*, August 1, 2006, *cert. denied*, November 16, 2006 (Cause No. 2005-CP-00549-COA).

On June 22, 2012, Edmond filed the instant petition for writ of *habeas corpus* [1] alleging that a constitutional violation resulted from a Rule Violation Report (RVR) by the MDOC because the RVR affected his parole proceedings. *See* Response [6]. After losing an appeal through the Administrative Remedy Program (ARP), the same RVR was affirmed by the

1

Circuit Court of Greene County, Mississippi on March 30, 2012. [1-2] The Supreme Court of Mississippi denied a petition for writ of mandamus on May 30, 2012. [1-1] Presently, the Petitioner raises the following seven (7) grounds (as summarized by the Court):

>    Ground One:            That said RVR was defective due to an administrative error.
>
>    Ground Two:            That said RVR was improperly delivered to the Petitioner.
>
>    Ground Three:          That the Petitioner was denied his potential witnesses.
>
>    Ground Four:           That the Petitioner was denied an adequate investigation.
>
>    Ground Five:           That said disciplinary hearing was unconstitutional.
>
>    Ground Six:            That the ARP appeal was unconstitutional.
>
>    Ground Seven:          That the trial court's decision was arbitrary and *ex parte*.

The Petitioner seeks an evidentiary hearing and/or an expungement of the RVR. *See* Petition [1] at 17.

## DISCUSSION

Petitioner has filed a Petition for writ of *habeas corpus* in this Court pursuant to 28 U.S.C. § 2254 [1], which provides in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The Respondents submit that the current Petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Motion [5] at 2. However, the Respondents rely on bad law for this argument. *Id*.; s*ee Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 561-563, 127 S.Ct. 1955 (2007) (in part abrogating *Conley v. Gibson*, 355 U.S. 41, S.Ct. 99, 2L.Ed. 80 (1957)). Rather than being required to show that the Petitioner

2

can prove "no set of facts" "beyond a doubt," as stated in *Conley*, the Petitioner may be entitled to at least an evidentiary hearing if the Petitioner shows "any set of facts consistent with the allegations in the complaint." *See Twombly, supra*. The Court finds that the Petitioner has not shown any facts to support the allegations in his complaint.

Moreover, the Respondents argue that this petition would more appropriately be made as a civil rights claim pursuant to 42 U.S.C. §1983 instead of the current *habeas corpus* claim pursuant 28 U.S.C. § 2254. The primary question in determining whether a *habeas corpus* claim or a civil rights claim should be brought is whether the Petitioner "challenge[s] the 'fact or duration' of his confinement or merely rules, customs, and procedures affecting 'conditions' of confinement?" *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987); *see also Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 421-22 (5th Cir. 2002) (abrogated on other grounds). The Fifth Circuit has summarized the issue clearly as follows:

> "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)."

*Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Court finds that the current claims would be more properly pursued under 42 U.S.C. § 1983 because the Petitioner does not seek "release from custody."

Even if the Petitioner had shown a sufficient basis for a claim under § 2254, he is unlikely to succeed as there are no constitutional rights involved. The Mississippi Parole Statute gives the Parole Board complete discretion. *See* Miss. Code Ann. §47-7-1 (1972). Because the Parole Board has absolute discretion, there is no constitutional liberty interest in parole. *See Scales v. Mississippi State Parole Board*, 831 F.2d 565 (5th Cir. 1987); *see also Irving v.*

*Thigpen*, 732 F.2d 1215, 1217-1218 (5th Cir. 1984). Further, "[t]he granting of parole or denial of parole . . . is the exclusive responsibility of the state parole board, which is independent of the circuit court's sentencing authority." *Mitchell v. State*, 561 So. 2d 1037, 1039 (Miss. 1990). "A prisoner has no automatic entitlement to parole. It may be granted or withheld by the state – to be sure, not arbitrarily – as a matter of grace." *Davis v. State*, 429 So. 2d 262, 265 (Miss. 1983) (citing *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668, 677 (1979)). The parole board cited specific reasons for denying Edmond's parole: 1) serious nature of offense 2) parole unsatisfactory/violated and 3) belief that "the ability of willingness to fulfill the obligations of a law-abiding citizen is lacking" under Miss. Code Ann. § 47-7-17. *See* Motion Ex. A at 2 [5-1]. If the Petitioner has not been denied a constitutional right, there can be no relief under either a *habeas corpus* claim or a civil rights claim. *Irving*, *supra*, at 1216. The Court finds that the parole board did not deny the Petitioner's parole arbitrarily.

## CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Respondents' Motion to Dismiss for failure to state a claim upon which relief can be granted [5] be **GRANTED**, and the Petitioner's Petition for writ of *habeas corpus* [1] under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**. The Court makes no adjudication on any potential claims under 42 U.S.C. § 1983. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** on this, the 6th day of August, 2012.

*S/ Keith Starrett*
UNITED STATES DISTRICT JUDGE